UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

STEVEN MACKENZIE,

          Petitioner,

                                    Case No. 1:23-cv-77

v.

                                    Hon. Hala Y. Jarbou

BRYAN MORRISON,

          Respondent.
_____/

**ORDER DENYING RECONSIDERATION
REGARDING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. In an opinion, order, and judgment (ECF Nos. 21, 22, 23) entered on June 18, 2024, the Court granted in part and denied in part Petitioner's § 2254 petition. Specifically, the Court granted Petitioner relief with respect to his claims that he was sentenced pursuant to a now-unconstitutional mandatory sentencing guidelines scheme and that appellate counsel was ineffective for failing to raise that issue on direct appeal. The Court denied relief with respect to all other grounds for relief. The Court also granted Petitioner a certificate of appealability with respect to the two claims on which it granted relief and denied a certificate of appealability as to all other claims. Petitioner has now filed a notice of appeal (ECF No. 24), and a motion for certificate of appealability (ECF No. 26), which the Court construes as a motion for reconsideration of its prior order (ECF No. 22) denying a certificate of appealability.

Western District of Michigan Local Civil Rule 7.4(a) provides that "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." *See* W.D. Mich. LCivR 7.4(a). Further, reconsideration is appropriate only when the

movant "demonstrate[s] a palpable defect by which the Court and the parties have been misled . . . [and] that a different disposition must result from a correction thereof." *Id*.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. Fed. R. App. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The filing of a notice of appeal that does not specify the issues that the petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard a petitioner must meet depends on whether his petition was denied on the merits or on procedural grounds.

Here, the Court denied all but two of Petitioner's grounds for relief on the merits. The Court granted relief with respect to two claims and granted a certificate of appealability on those claims. To warrant a grant of the certificate for his remaining grounds for relief, Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

2

Applying this standard, this Court finds no basis on which to issue a certificate of appealability. Petitioner has not pointed to any flaw in the Court's reasoning or any issue of fact or law overlooked in the adjudication of his petition. With respect to the grounds for relief for which Petitioner now seeks a certificate of appealability, the Court finds that reasonable jurists could not conclude that this Court's dismissal of those claims was debatable or wrong, and, therefore, the Court will deny Petitioner a certificate of appealability with respect to those grounds. Accordingly,

**IT IS ORDERED** that Petitioner's motion for certificate of appealability (ECF No. 26), construed as a motion for reconsideration, is **DENIED**.

Dated: July 25, 2024         /s/ Hala Y. Jarbou
                             HALA Y. JARBOU
                             CHIEF UNITED STATES DISTRICT JUDGE